UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JASON MEEK, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No.  SA-15-CV-393-XR |
| § | |
| WELLS FARGO BANK, N.A., § | |
| § | |
| *Defendant.* § | |
| § | |

## ORDER

On this day the Court considered Defendant's motion for summary judgment (docket no. 4) and Plaintiff's voluntary motion to nonsuit without prejudice (docket no. 5).  After careful consideration, the Court DENIES Plaintiff's motion to dismiss and GRANTS Defendant's motion for summary judgment.

### I.   BACKGROUND

Plaintiff Jason Meek brings this lawsuit against Defendant Wells Fargo Bank, N.A., to prevent the foreclosure sale of property located at 14822 Colorado King, San Antonio, Texas 78248 (the "Property").  Meek filed his petition, asserting only a cause of action for breach of contract, and application for a temporary restraining order in the 150th Judicial District of Bexar County, Texas on May 4, 2015.  Docket no. 1-1.  The state court granted the temporary restraining order and blocked the foreclosure sale.  *Id*.  Wells Fargo removed the case on May 13, 2015, invoking this Court's diversity jurisdiction.[1]  Docket no. 1.  Wells Fargo moved for

---

[1] *See* docket no. 1 (stating Rosales is a citizen of Texas and clarifying that Wells Fargo's place of incorporation and association is South Dakota); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located). The amount in controversy in this case also exceeds $75,000, as the most recent tax appraisal states the value of the Property at $294,030.  Docket no. 1, ex. 3; *see Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338 (5th Cir. 2013).

summary judgment on all claims in the petition on July 6, 2015.  Docket no. 4.  Instead of responding, Meek moved for voluntary dismissal without prejudice on July 20, 2015.  Docket no. 5.  Wells Fargo responded to the motion to dismiss, arguing it would be prejudiced if the Court granted the voluntary dismissal with the motion for summary judgment pending on July 21, 2015.  Docket no. 6. Later that day, Meek replied on the motion to dismiss.  Docket no. 7.  Because Meek has not filed a response on the motion for summary judgment, the below facts are undisputed.

Meek entered into a mortgage to purchase the Property on March 24, 2010.  Docket no. 1-1 at ¶ 6.  Wells Fargo is the holder of the mortgage secured by the Property.  Docket no. 4-3.  Meek defaulted on the mortgage in 2014.  *See* docket no. 1-1 at ¶¶ 7-8, 14.  After this initial default, Wells Fargo sent Meek a notice of default and intent to accelerate the loan.  Docket no. 4 Ex. A; docket no. 4 Ex. A at ¶ 5.  Meek filed for bankruptcy in June 2014.  Docket no. 1-1 at ¶ 8; *see also In re Jason B Meek*, No. 14-51635-CAG-7 (W.D. Tex. filed June 25, 2014).  During the bankruptcy, Meek agreed to pay Wells Fargo $13,896.40 to cure arrearages that had accrued on the mortgage from January 1, 2014 to August 1, 2014. He also agreed to continue to make payments on the mortgage beginning September 1, 2014.  *See Agreed Order Conditioning Automatic Stay as to Debtor, In re Jason B Meek*, No. 14-51635-CAG-7, (W.D. Tex. Aug. 25, 2014), docket no. 12 at 2.[2]  The order also states Meek "shall remit the total amount on or before September 22, 2012 or before the time a discharge is granted or denied, whichever comes first." *Id*.  Meek was discharged from bankruptcy on September 25, 2014.  *See Order Discharging Debtor, In re Jason B Meek*, No. 14-51635-CAG-7 (W.D. Tex. Aug. 25, 2014), docket no. 17.

---

(holding that for cases in which the plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy).  Diversity jurisdiction is proper here.
[2] Any allegations in the petition to the contrary are plainly controverted by the Agreed Order.

Meek almost immediately defaulted on his obligation to continue making payments on the mortgage. On January 7, 2015, Wells Fargo sent Meek a notice of default, informing him of the default and of Wells Fargo's intent to accelerate the loan if the default remained uncured. Docket no. 4 Ex. A-2; docket no. 4 Ex. A at ¶ 6. Through foreclosure counsel, Wells Fargo sent Meek a notice of acceleration, warning Meek of a scheduled foreclosure sale for the Property to occur on May 5, 2015. Docket no. 4 Ex. D-1; docket no. 4 Ex. D at ¶ 4. All notices of default and acceleration were sent to the Property, via certified mail, return receipt requested.

## II.   ANALYSIS

### A. Meek's Motion to Nonsuit

The threshold issue is whether the Court should grant Meek's voluntary nonsuit without prejudice despite a motion for summary judgment pending. Wells Fargo filed the motion for summary judgment on all Meek's claims on July 6, 2015. Docket no. 4. Meek only responded by filing a motion to voluntarily nonsuit the case without prejudice. Docket no. 5. Wells Fargo objected, arguing that, "(1) granting the Nonsuit would unfairly affect Wells Fargo; and (2) as set forth in Wells Fargo's [motion], a ruling on the merits in favor of Wells Fargo is proper." Docket no. 6 at 2. Wells Fargo relies on *Elbaor v. Tripath Imaging, Inc.*, which states that Federal Rule of Civil Procedure 41(a) "exists to prevent voluntary dismissals which unfairly affect the other side." 279 F.3d 314, 317 (5th Cir. 2002); Fed. R. Civ. P. 41(a)(2) ("An action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."); *see also Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs, Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) ("Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal."). The general rule is that voluntary motions for nonsuit or

dismissal should be freely granted unless and until the opposing party files a motion for summary judgment.  *See* FED. R. CIV. P. 41(a)(1)(A)(i).

Meek's reply acknowledges the general rule, but argues, "the rule does not preclude voluntary dismissal after a defendant has filed a Motion to Dismiss for Failure to State a Claim," under Rule 12(b)(6).  Docket no. 7 at 1.  Meek goes on, "Defendant's motion is a 12(b)(6) motion dressed up as a motion for summary judgment. This case has been on file for less than three months, and no discovery has occurred. Defendant's Motion for Summary Judgment includes a mere two pages of arguments and authority, and not once does Defendant discuss standards for summary judgment; instead, Defendant provides a laundry list of reasons as to why Plaintiff's claims fail, which sounds much more like a failure to state claim." *Id*. at 1-2.

Meek's arguments are unconvincing. Wells Fargo properly moved for summary judgment under Federal Rule of Civil Procedure 56.  Wells Fargo (1) titles its action as a motion for summary judgment, (2) argues for summary judgment consistently throughout the motion, and, most importantly, (3) presents evidence only permissible on summary judgment such that if it was actually a Rule 12(b)(6) motion, the Court would have to (A) deny it because it asks the Court to consider evidence outside the four-corners of the complaint, or (B) convert it to a motion for summary judgment motion and permit Meek the opportunity to come forward with all of his evidence.  The fact that the motion for summary judgment was filed early in the case is irrelevant.  Wells Fargo's pending motion is a motion for summary judgment.  The Court therefore denies Meek's motion for nonsuit pursuant to Federal Rule of Civil Procedure 41(a)(1), as Meek's motion was not filed until after a motion for summary judgment was on file.  Granting the motion for nonsuit now would be unfair to Wells Fargo.  The Court will proceed to the merits of Wells Fargo's motion for summary judgment.

### B. Wells Fargo's Motion for Summary Judgment

A court shall grant summary judgment if the movant shows that there is no genuine issue of any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). To establish that there is no genuine dispute over any material fact, the movant must submit evidence that negates the existence of some material element of the nonmoving party's claim or defense. *Lavespere v. Niagra Machine & Tool Works, Inc*., 910 F.2d 167, 178 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993). If the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, the movant can merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Id.* Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, put differently, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 n.4 (1986); *Lavespere,* 910 F.2d at 178. In making this determination, the court should review all the evidence in the record, drawing all reasonable inferences in favor of the nonmovant and without making credibility determinations or weighing the evidence. *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554–555 (1990). The court also considers "evidence supporting the moving party that is uncontradicted and unimpeached." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

Meek's petition states a cause of action for breach of contract, as well as for various forms of equitable relief. His breach of contract theory is that he was not properly noticed of the default or of the acceleration, as required by the Deed of Trust. Docket no. 1-1 at ¶¶ 11 and 12; docket no. 4 Ex. B. at ¶ 18.

During his bankruptcy, Meek agreed to pay Wells Fargo $13,896.40 to cure arrearages that had accrued on the mortgage over the previous eight months, as well as continuing to make payments on the mortgage beginning September 1, 2014. *See Agreed Order Conditioning Automatic Stay as to Debtor, In re Jason B Meek*, No. 14-51635-CAG-7, (W.D. Tex. Aug. 25, 2014), docket no. 12 at 2. Meek was discharged from bankruptcy on September 25, 2014, but almost immediately defaulted on his mortgage payments again. Meek has presented no evidence that he did not default on his obligations.

Wells Fargo sent Meek a notice of default on January 7, 2015, informing him of the default and of Wells Fargo's intent to accelerate the loan if the default remained uncured. Docket no. 4 Ex. A-2; docket no. 4 Ex. A at ¶ 6. Through foreclosure counsel, Wells Fargo sent Meek a notice of acceleration, informing Meek it had scheduled a foreclosure sale for the Property for May 5, 2015. Docket no. 4 Ex. D-1; docket no. 4 Ex. D at ¶ 4. All notices of default and acceleration were sent to the Property, via certified mail, return receipt requested, including those from the most recent default and foreclosure sale. Docket no. 4 Exs. A at ¶¶ 6; A-A-2; D at ¶ 4; D-1. The Property address is Wells Fargo's last known address for Meek. Meek presents no evidence to the contrary to create a genuine fact issue on whether the proper notices were sent. Therefore, Meek's claim that Wells Fargo breached the Deed of Trust by failing to properly notify him of default, acceleration, or the pending foreclosure sale must fail. No reasonable trier of fact could fin for Meek on his breach of contract claim with the record in

this case. There are no issues of material fact. The Court grants Wells Fargo summary judgment on the breach of contract claim.[3]

### III.   CONCLUSION

For the above stated reasons, the Court DENIES Plaintiff's motion for nonsuit without prejudice (docket no. 5) and GRANTS Defendant's motion for summary judgment (docket no. 4). Plaintiff shall take nothing by his claims and his claims are dismissed on the merits. Judgment in favor of Defendant shall issue separately according to Rule 58. Defendant is awarded costs and shall file a bill of costs pursuant to the local rules.

It is so ORDERED.

SIGNED this 3rd day of August, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[3] Meek's petition states claims for equitable relief, including an injunction. *See* docket no. 1-1 at ¶¶ 19-24. Because all of Meek's substantive causes of action have failed, the Court must dismiss his claims for equitable relief, as they cannot stand on their own. *See, e.g.*, *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H–12–2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013); *Cook v. Wells Fargo Bank, N.A.*, Civ. A. No. 3:10–CV–0592–D, 2010 WL 2772445, *4 (E.D. Tex. Mar. 24, 2011) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action.").